# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:08-CV-503-FDW-DCK

| | |
|---|---|
| DONNA L. SENTENDREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SOUTH PIEDMONT COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant's Motion to Compel" (Document No. 12) filed on September 29, 2009. The *pro se* Plaintiff opposes the motion. The motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is ripe for review. Having fully considered the record, including the parties' briefs (Document No. 12-14), the undersigned will **grant** the motion for the following reasons:

Rule 26 (b) of the Federal Rules of Civil Procedure provides that:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

Courts must strike a balance between the broad scope permitted by the civil rules and the requirement that such discovery be relevant. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (observing that the civil rules are given a "broad and liberal treatment" but that "discovery, like all matters of procedure, has ultimate and necessary boundaries"). Discovery is not limited to matters

that will be admissible at trial, so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984). Whether to grant or deny a motion to compel discovery is generally within the trial court's broad discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

Defendant indicates that it served discovery on Plaintiff on April 24, 2009, but that Plaintiff's responses it received on June 8, 2009 were incomplete. (Document No. 12, Ex. A, B). Defendant contends that Plaintiff failed to respond fully and did not provide requested information on witness contact information, Plaintiff's medical condition, her medical treatment and providers, and the amounts and types of alleged damages. Plaintiff also failed to provide requested documents, including her medical records, tax returns, and documentation regarding her alleged damages. Defendant contends that this information is relevant and discoverable, and that Plaintiff should provide this information because it directly concerns the claims and damages at issue here. The purpose of discovery is to adequately inform the litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964).

Plaintiff has put this information at issue by virtue of filing this lawsuit. Specifically, Plaintiff alleges that she developed a medical condition ("reactive airway disease"), that her employer's efforts to relocate her office did not help, that her requests to work from home were often denied, and that her employment was eventually terminated. Plaintiff's Complaint seeks damages for lost wages, medical expenses, and other damages. Hence, her medical records and income information are relevant and discoverable.

In her discovery responses, the Plaintiff objected that she did not think the information was

relevant or that she had previously provided the requested information to Defendant. With respect to the Defendant's request for her social security number, Defendant does not explain how this information is relevant. However, Plaintiff does not oppose this on any privacy ground, but merely indicates that the Defendant already has it in Plaintiff's employment records. Providing this number would require very minimal effort on Plaintiff's part. Although Defendant made eleven requests for production of documents, Plaintiff did not produce any documents, with the exception that she agreed to produce "current pay stubs."

After defense counsel communicated with the *pro se* Plaintiff about her responses, Plaintiff made a supplemental response to Interrogatories #6 and #7 via FAX on September 14, 2009. (Document No. 12, Ex. C, D). Plaintiff provided the names, addresses, and telephone numbers for certain medical providers, but continued to insist that she had previously provided information and documents to Defendant. Defense counsel informed Plaintiff that the present law suit is separate from any earlier lawsuit and that Plaintiff should produce the requested documents and information. (*Id.*, ¶ 11). Unable to make further progress in this discovery dispute, and in light of the approaching discovery deadline, Defendant timely filed its "Motion to Compel on September 29, 2009.

In her response brief, the *pro se* Plaintiff indicates she was planning to produce some unspecified documents on September 29, 2009, but that Defendant rescheduled to October 21, 2009. (Document No. 13). Plaintiff indicates in her response brief that she will not produce her tax returns, and has produced W-2 forms and pay stubs instead, which in her opinion, should be sufficient. (Document No. 13, ¶ 14). She also indicates that she will "make available" medical information regarding her providers, history, treatment, and conditions. (*Id.*, ¶ 15). Her response brief does not address her incomplete responses to Interrogatories and does not identify what documents are still

contested. (*Id.*, ¶¶ 10, 13). Nonetheless, she indicates that she is making a "good faith effort to provide full and complete responses." (*Id.*, ¶ 16).

Given that Plaintiff is proceeding *pro se*, and in order to be entirely clear about what information and documents are still needed from Plaintiff, the Defendant clearly lists the information and documents in its reply brief. (Document No. 14). Defendant indicates it has offered to prepare a consent protective order to address any privacy concerns Plaintiff might have, but that Plaintiff refused. Of course, sensitive materials are routinely produced pursuant to consent protective orders. Moreover, Plaintiff's objections are not based on the confidentiality of any information, but rather, on the fact that she previously produced the documents or information in another case or that she thinks the information is not relevant (i.e. her tax returns). Plaintiff has not indicated that the requests are burdensome and does not explain why she refused Defendant's offer of a consent protective order. In any event, this case already has a Standing Protective Order for the parties' convenience. (See Misc. No. 3:07-MC-47, Doc. No. 2-2 "Standing Order Governing Civil Case Management before the Honorable Frank D. Whitney"). Of course, the parties are free to seek their own more specific protective order, if desired, and may file a joint motion.

Given the nature of the claims and alleged damages in this case, the undersigned agrees that the information requested by Defendant is relevant, or at least, appears reasonably calculated to lead to the discovery of admissible evidence, and thus, is discoverable. Fed.R.Civ.P. 26(b). Moreover, the discovery deadline is quickly approaching. The Pretrial Order and Case Management Plan in this case provides that all discovery should be completed by November 23, 2009. (Document No. 10). The undersigned will order document production and/or full responses by October 31, 2009.

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Compel" (Document

No. 12) is **GRANTED**; Defendant's request for attorney's fees is **DENIED**; <u>no later than October 31, 2009</u>, Plaintiff shall produce the following documents and/or provide the following information to Defendant:

> a. Plaintiff's tax returns for tax years 2004 through 2008 (Request for Production #6); and
>
> b. The names *and* contact information for all individuals who may have relevant information about Plaintiff's claims and a brief description of the information they may possess (Interrogatory #3); and
>
> c. The details, facts, circumstances, treatment sought, and the prescriptions prescribed for all medical conditions that Plaintiff has suffered from at any time during her employment with Defendant (Interrogatories #5, 8); and
>
> d. An itemized breakdown of the damages Plaintiff is seeking in her Complaint (Interrogatory #6); and
>
> e. Plaintiff's social security number (Interrogatory #1).

Failure to comply with this Order may result in sanctions.

    **IT IS SO ORDERED**.

Signed: October 20, 2009

_____
David C. Keesler
United States Magistrate Judge